UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS, 93-A-7902,

        Plaintiff,

        -v-

M.P. MCGINNIS, Superintendent of
Southport Correctional Facility,
ELIOT SPITZER, Attorney General of the State of
New York,

        Defendants.

**DECISION and ORDER**
04-CV-285S

---

By order filed December 15, 2004, this Court denied plaintiff's request to proceed *in forma pauperis* ("IFP") and directed the plaintiff to submit the civil filing fee by January 17, 2005 or the action would be dismissed. (Docket No. 8). The plaintiff failed to comply with the Court's order, but filed a motion seeking to have the Court reconsider its decision to deny his request to proceed IFP pursuant to Fed. R. Civ. P. 60(b).[1] (Docket No. 9).

The Court's Order of December 15, 2004, denying plaintiff's request that he be permitted to proceed IFP, was based upon the Court's determination that plaintiff had run afoul of the so-called "three strikes" rule of 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails
> to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

---

[1] In addition to requesting that the Court reconsider its Order filed on December 15, 2004, plaintiff's motion seeks additional relief that is not applicable or not relevant given the posture of this matter, *e.g.*, injunctive relief and a declaratory judgment.

28 U.S.C. § 1915(g). In its December 15, 2004 Order, the Court noted that there had been more than three cases in which plaintiff had been granted IFP status that had been dismissed by the federal courts for the reasons enumerated in 28 U.S.C. § 1915(g), and the Court consequently concluded that plaintiff's application to proceed IFP in this case should be denied. (Docket No. 8, pp. 2-5).

Plaintiff's motion to reconsider the Court's order of December 15, 2004 does not address the grounds on which the Court determined that plaintiff was not eligible to proceed IFP (i.e. the "three strikes rule"). Moreover, nothing in plaintiff's submissions in support of his motion provides any other basis for the Court to revisit its order denying plaintiff IFP status. Accordingly plaintiff's motion for reconsideration is denied. Given the plaintiff's well-established penchant for inundating the courts with "frivolous petitions, appeals, motions [and] other papers" (*See Adams v. Selsky,* 03-0023, Mandate (2d Cir. Apr. 12, 2004)), the Court is compelled to inform plaintiff that it will entertain no additional motions for reconsideration.

As noted above, the Court's Order of December 15, 2004 directed the plaintiff to submit the applicable filing fee by January 17, 2005 or face dismissal of this action pursuant to 28 U.S.C. § 1915(g). Plaintiff has failed to comply with the Court's Order. Accordingly, this action is hereby dismissed.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the

United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

Dated:    September 21, 2005
            Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                          United States District Judge